IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JOSEPH ANTONIO FERRUFINO
GUERRERO,

Petitioner,

vs.

MARKWAYNE MULLIN, in their official
capacity as Secretary of the United States
Department of Homeland Security; TODD
BLANCHE, in their official capacity as Acting
Attorney General of the United States; TODD
M. LYONS, in their official capacity as Acting
Director of the United States Immigration and
Customs Enforcement; DAVID
EASTERWOOD, in their official capacity as
Acting St. Paul Field Office Director for
Enforcement and Removal Operations, United
States Immigration and Customs Enforcement;
and CAROLYN SOMMER, in their official
capacity as in their official capacity as Acting
Warden of McCook ICE Detention Center;

Respondents.

4:26CV3146

ORDER TO SHOW CAUSE

This matter is before the Court on petitioner Joseph Antonio Ferrufino Guerrero's petition for a writ of habeas corpus. (Filing No. 1).

Ferrufino Guerrero is a Nicaraguan citizen. (Filing No. 1 at 1). He fled from Nicaragua "to the United States seeking respite from political persecution and physical torture." (Filing No. 1 at 7). Ferrufino Guerrero entered the United States near Eagle Pass, Texas in March 2024, seeking asylum here. (Filing No. 1 at 12, Filing No. 1-1 at 4). He was detained by U.S. Immigration and

Customs Enforcement (ICE) at the border. (Filing No. 1 at 12). While detained, Ferrufino Guerrero gave a credible fear interview. (Filing No. 1 at 12). ICE determined that Ferrufino Guerrero "was credible, that there was a reasonable possibility of torture or persecution or a credible fear of persecution established," and "that there was no apparent bar to asylum or withholding of removal." (Filing No. 1 at 12-13). That finding led to ICE releasing Ferrufino Guerrero from custody on Alternative to Detention (ATD), a "program that monitors non-detained immigrants awaiting court hearings as an alternative to detention." (Filing No. 1 at 4). ICE also issued Ferrufino Guerrero a notice to appear initiating removal proceedings against him in February 2025. (Filing No. 1-2).

Ferrufino Guerrero remained released until April 2026, when he was arrested in Omaha, Nebraska on what he calls "an erroneous stolen vehicle report." (Filing No. 1 at 4). After he was released from custody on that charge, ICE re-detained him. (Filing No. 1 at 4). An immigration judge denied Ferrufino Guerrero's request for release on bond on the grounds he lacked jurisdiction to hear it (Filing No. 1-4) and ICE transferred Ferrufino Guerrero to the McCook ICE Detention Center in McCook, Nebraska, where he remains. (Filing No. 1 at 2).

This petition for a writ of habeas corpus followed. Ferrufino Guerrero alleges his re-detention violated his "due process rights under the Fifth Amendment of the United States Constitution and the plain language of the Immigration and Nationality Act[.]" (Filing No. 1 at 5). He seeks immediate release or, in the alternative, an order requiring the Respondents to provide adequate due process or an individualized hearing on revocation of ATD within seven days. (Filing No. 1 at 18). The habeas statute provides that a court must grant the petition for a writ or order Respondents to "show cause why the writ should not be granted unless it appears from the application that [Ferrufino Guerrero] is not entitled" to relief. 28 U.S.C. § 2243. The order to show cause must be "directed to the person having custody of [Ferrufino Guerrero]." *Id.* The order must "be returned within three days" unless "good cause for additional time, not to exceed twenty days, is allowed." *Id.* The person to whom the order is directed "shall make a return certifying the true cause of [Ferrufino Guerrero's] detention." *Id.*

Here, the Court will hear from the Respondents before determining whether Ferrufino Guerrero is entitled to any relief. Accordingly, the Court orders Ferrufino Guerrero to serve his petition and a copy of this Order on Respondents and file proof of service with the Court.

2

Respondents shall then show cause why the writ should not be granted. After Ferrufino Guerrero replies, the Court will set a hearing on the matter. The Court finds the need to serve Respondents and the complexity of the legal issues constitute good cause for the briefing schedule to the extent it allows a response beyond the three days ordinarily allowed under 28 U.S.C. § 2243.

Further, the Court finds cause to preserve the status quo and the Court's jurisdiction by ordering that Ferrufino Guerrero may not be removed from the United States or the District of Nebraska until further order of this Court. *See* 28 U.S.C. § 1651; *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) ("grant[ing] temporary injunctive relief" against removal "to preserve our jurisdiction" while adjudicating the merits). Accordingly,

**IT IS ORDERED:**

1.  Petitioner Joseph Antonio Ferrufino Guerrero shall serve his petition for a writ of habeas corpus (Filing No. 1) and a copy of this order on Respondents as soon as is practicable, and file proof of such service with the Court.
2.  Respondents shall, within three business days of being served, make a return certifying the true cause of Petitioner's detention and showing cause why the writ should not be granted.
3.  Petitioner shall reply in support of his petition within three business days of the Respondents' return.
4.  The Court will then set a prompt hearing on this matter.
5.  Respondents shall not remove Petitioner from the United States or the District of Nebraska until further order of the Court.

Dated this 13th day of May, 2026.

BY THE COURT:

Susan M. Bazis
United States District Judge

3